## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC HOUSTON,                 :        **CIVIL NO. 1:CV-10-0776**
        **Plaintiff,**         :
                        :   **(Chief Judge Kane)**
        **v.**                 :
                        :
DOCTOR KISEK,[1]        :
        **Defendant**    :

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Eric Houston, at the time an inmate confined at the Luzerne County Correctional Facility ("LCCF"), Pennsylvania. Named as the sole Defendant is Gunnar Kosek, D.O., a doctor at LCCF. Presently pending is a motion to dismiss the complaint filed by Kosek on June 23, 2010. (Doc. No. 12.) For the reasons that follow, the motion to dismiss will be deemed unopposed and granted.

### I.    Allegations in Complaint

On November 6, 2009, Plaintiff was confined at the LCCF pursuant to a probation violation. He states that prior to his incarceration he had been in a serious accident and was receiving treatment for injury sustained to his back, neck and shoulders. Upon incarceration he informed the prison infirmary of his accident and need for medical care. (Doc. No. 1, Compl. at 2.) Thereafter, Plaintiff states he signed a release provided to him by the prison that would enable the prison to obtain medical information from his outside doctors located in Philadelphia. (Id. at 3.) When the prison failed to receive a reply, Plaintiff states that he filed a grievance. (Id.) Plaintiff states that he filed a grievance. Shortly thereafter, Plaintiff was called to the

---

[1] The proper spelling of Defendant's name is Kosek.

prison infirmary by the nurse supervisor whom he claims screamed at him and had him sign another release form. Two days later, Plaintiff states he was asked to provide phone numbers for the Philadelphia doctors. On January 18, 2009, Plaintiff alleges he was told that the phone numbers he had given were wrong. Plaintiff states he then filed another grievance. He states that the nurse supervisor at the prison yelled at him again, and had him sign a third release form. He states, however, that he was placed on 300 mgs of Nurontin because the prison was able to obtain his prescription from the pharmacy he used prior to his incarceration.

Plaintiff states that he later put in a request to see the prison doctor because he was experiencing pain. After speaking with Plaintiff, Doctor Kosek prescribed Flexiril. However, Plaintiff states that when he saw Kosek, an actual examination was not conducted. As such, Plaintiff states he filed a grievance against Kosek. From January 19, 2010, through April 9, 2010, Plaintiff maintains that he put in several requests to see the prison doctor, but had yet to see him at the time he initiated the instant action. He claims that on April 8, 2010, he was told that he would see the doctor, but he never did because the doctor left early. However, he does state that the doctor did "up his meds the Nurontin." Another grievance was filed against Kosek because Plaintiff wanted to be seen by the doctor and have his medications adjusted. (Id. at 5.)

The instant complaint was filed on April 13, 2010. In the complaint Plaintiff states that he seeks to "get the doctor for medical malpractice." (Id. at 4.) He wishes to receive monetary compensation for his pain and suffering, and wants Doctor Kosek to lose his job at the prison. On May 21, 2010, Plaintiff was released on parole from LCCF. (Doc. No. 15.)

## II.     Procedural History

On April 20, 2010, the Court issued an order directing service of the complaint on Doctor

Kosek, the sole named Defendant. (Doc. No. 8.) On May 25, 2010, Plaintiff filed a Notice of

Change of Address with the Court. He stated that he was now released on parole and provided

the following new address: 5432 B Sansom Street, Philadelphia, Pennsylvania, 19139. (Doc.

No. 9.) He further requested a copy of the complaint in this action. On June 15, 2010, a copy of

the complaint was mailed to Plaintiff at his new address. (Doc. No. 10.)

On June 23, 2010, Defendant filed a motion to dismiss the complaint in this action.

(Doc. No. 12.) A brief in support of the motion was filed on July 1, 2010. (Doc. No. 13.)

Plaintiff thereafter failed to file a timely brief in opposition to the motion. As such, the Court

issued an order on October 4, 2010, directing Plaintiff to file his opposition brief within fourteen

(14) days. He was warned that his failure to do so may result in the motion being deemed

unopposed and granted or the case being dismissed for failure to prosecute. (Doc. No. 16.)

Despite the Court's order, Plaintiff has failed to file his opposition brief or seek an enlargement

of time within which to do so. In fact, the last time the Court received contact from Plaintiff was

on May 25, 2010, when he provided notice of his release on parole and his new address.

## III.     Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint for "failure to state a

claim upon which relief can be granted." Under Rule 12(b)(6), the court must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v.

County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). The court is not limited to evaluating

the complaint alone. It may also consider documents attached to the complaint and matters of

public record.  McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009)(citing Lum v. Bank

of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004)).

While a complaint need only contain "a short and plain statement of the claim," Fed. R.

Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007), to survive a motion to dismiss a complaint has to plead "enough facts

to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L. Ed.

2d 868 (2009)(quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough,

Twombly, 550 U.S. at 555, and a court "'is not bound to accept as true a legal conclusion

couched as a factual allegation.'"  Id., 127 S. Ct. at 1965 (quoted case omitted).

In resolving a motion to dismiss, the court conducts "a two-part analysis."  Fowler, 578

F.3d at 210.  First, the court separates the factual elements from the legal elements and

disregards the legal conclusion.  Id. at 210-11.  Second, the court "determine[s] whether the facts

alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for

relief.'"  Id. at 211 (quoted case omitted).

However, '[a] document filed *pro se* is to be liberally construed," Erickson v. Pardus, 551

U.S. 89, 94 (2007)(quoted case and internal quotation marks omitted), and " a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers."  Id., 127 S. Ct. at 2200 (quoted case and internal quotation marks omitted).

Pro se litigants are to be granted leave to file a curative amended complaint "even when a

plaintiff does not seek leave to amend," unless such an amendment would be inequitable or

futile.  <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  But a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 106 (3d Cir. 2002).

**IV.    Discussion**

Plaintiff has brought his claims under 42 U.S.C. § 1983.  In order to prevail, he must establish two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.  <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 184 (3d Cir. 1993).  The constitutional deprivation alleged in this case is inadequate medical care in violation of the Eighth Amendment.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." <u>Rouse v. Plantier</u>, 182 F.3d 192,197 (3d Cir.1999)(citing <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976)).  In order to establish a violation based on the Eighth Amendment, "evidence must show (I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  <u>See</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 235 (3d Cir. 2004); <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).  The "deliberate indifference" standard is a stringent standard of fault requiring proof

that a defendant disregarded a known or obvious consequence of his action.  Board of County

Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997).  The defendant must be

both aware of facts from which the inference could be drawn that a substantial harm exists, and

he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The test for

whether a prison official was deliberately indifferent is whether that defendant "acted or failed to

act despite his knowledge of a substantial risk of serious harm."  Id. at 841.  Only egregious acts

or omissions can violate this standard.  See White v. Napoleon, 897 F.2d 103, 108-10 9 (3d Cir.

1990).

A complaint that a physician or a medical department "has been negligent in diagnosing

or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment . . . ."  Estelle, 429 U.S. at 106.  "Allegations of medical malpractice are not

sufficient to establish a Constitutional violation."  Spruill, 372 F.3d at 235.   An inmate's

disagreement with medical treatment also does not rise to the level of "deliberate indifference."

See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468,

473 (3d Cir. 1987).

Defendant Kosek moves to dismiss the complaint on the ground that Plaintiff has failed

to allege any deliberate indifference on his part to a serious medical need.  First, in the complaint

Plaintiff specifically states that he seeks to hold Kosek responsible for "medical malpractice."

However, allegations of medical malpractice do not state a claim under § 1983.  Even construing

the complaint in the most liberal sense and going beyond the labels set forth by Plaintiff

regarding his cause of action, the complaint fails to set forth any allegations of deliberate

indifference on Kosek's part.  The facts alleged by Plaintiff demonstrate the prison's attempt to

6

secure Plaintiff's medical records from his outside physicians through both medical releases and via the telephone. Plaintiff further acknowledges that the prison was able to secure his prescription from his outside pharmacy and provided him with his medication of Nurontin. He further acknowledges that when he requested to see Defendant Kosek, Kosek saw him and prescribed Flexiril for his pain. While Plaintiff complains that Kosek prescribed the medication after speaking with him at the visit, and without examining him, at best this allegation would state a claim for negligence. Further, while Plaintiff complains that he put in several requests to see Kosek between January and April of 2010, but never actually saw him, he does admit that during this time period Kosek did increase his medication. Based upon these allegations, it cannot be said that Kosek acted with deliberate indifference to any serious medical need of Plaintiff. Even assuming his existing back, neck and shoulder injury was serious, Kosek did provide Plaintiff with treatment during his incarceration at LCCF. While Plaintiff may dispute the adequacy and method of treatment provided by Kosek, the facts demonstrate that Plaintiff was provided with some medical care and treatment. At best, his claims sound in negligence. For these reasons, the pending motion to dismiss will be granted. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


| ERIC HOUSTON, | : | CIVIL NO. 1:CV-10-0776 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| **v.** | : | |
| | : | |
| DOCTOR KISEK, | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, this 3rd  day of December, 2010, for the reasons set forth in the

accompanying memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The motion to dismiss filed by Defendant Kosek (Doc. No. 12) is **deemed
    unopposed and is granted**.  All claims set forth against said Defendant Kosek
    are dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(6).

2.  The Clerk of Court is directed to **close this case**.

3.  Any appeal from this order is deemed frivolous and not in good faith.  See 28
    U.S.C. § 1915(a)(3).



        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania